Fletcher, J.
It is a well settled and familiar principle of law, that if an issue of fact is joined to the jury on a plea in *302 abatement and found for the plaintiff, a judgment in chief shall be entered in his favor* This rule extends to all dilatory pleas in civil actions. The plaintiff, therefore, in such cases should be prepared to prove his damages, but if the damages should not be found by the jury to whom the issue of fact is submitted, they may be assessed by the court, as upon default, or the question of damages may be submitted to another jury. The omission to have the damages assessed by the jury, who try the issue of fact, furnishes no sufficient ground for setting aside the verdict. Boston Glass Manufactory v. Langdon, 24 Pick. 49; Frye v. Hinkley, 6 Shepl. 320; 2 Greenl. Ev. § 27; Howe’s Prac. 215 ; Gould Pl. 300. This case ' very clearly comes within this well established principle. Here was an issue of fact on a plea in abatement submitted to the jury and found for the plaintiff, and judgment in chief should, of course, have been entered for the plaintiff.
The exceptions of the defendant are therefore so far sustained as to set aside all the rulings, orders and proceedings of the court subsequent to the verdict, and the action will stand in this court open to a motion on the part of the plaintiff for judgment in chief on the verdict.

 By St. 1852, c. 312, § 28, after an issue of fact found against the defendant on an answer in abatement, “ the defendant may have leave to amend such answer in abatement, or to answer over, by special order of the court, for good cause shown, and not otherwise.”